**Katie WEBER, Plaintiff,**

v.

**PORT ARTHUR SCHOOL BOARD and Port Arthur Independent School District, et al., Defendants.**

**Marian BAZILE, Plaintiff,**

v.

**PORT ARTHUR SCHOOL BOARD and Port Arthur Independent School District, et al., Defendants.**

**Civ. A. Nos. B–89–306–CA, B–89–589–CA.**

United States District Court, E.D. Texas, Beaumont Division.

Jan. 31, 1991.

Kurt G. Clarke, Houston, Tex., for plaintiffs.

Jennifer L. House, Giessel, Stone, Barker & Lyman, Banker H. Phares, Houston, Tex., for defendants.

MEMORANDUM OPINION
AND ORDER

COBB, District Judge.

I. BACKGROUND

Katie Weber (Weber) and Marian Bazile (Bazile), both black women, brought separate suits against the Port Arthur School Board (School Board), the Port Arthur Independent School District (School District), Joe Pitts, individually and as Superintendent of the School District, Russell Coco, individually and as Assistant Superintendent of the School District, Charles McBee, individually and as Superintendent for Per-

sonnel of the School District, Louis Reed, individually and as Assistant Superintendent of the School District, and Bobby Durham, individually and as Principal of DeQueen Elementary School. Both Plaintiffs alleged violations of their civil rights and sought declaratory and injunctive relief and damages. Their claims arose under § 7.01(a) of the Texas Commission on Human Rights Act, the Age Discrimination in Employment Act, 29 U.S.C.A. § 621, *et seq.* (ADEA), the Civil Rights Act of 1866, 42 U.S.C.A. §§ 1981, 1983 and, Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e, *et seq.* (Title VII). Both Bazile and Weber alleged they were victims of age and/or race discrimination when the School District failed to promote them to the position of Supervisor of Elementary Education in July, 1987. The Plaintiffs further alleged they were retaliated against in violation of the First and Fourteenth Amendments.

The two lawsuits were consolidated for trial on August 3, 1990 and were tried before eight (8) jurors from October 24 through October 31, 1990. At the conclusion of the evidence, the court, without objection, submitted interrogatories to the jury regarding (1) age discrimination under the ADEA, (2) racial discrimination under 42 U.S.C.A. § 1981, and (3), with respect to Bazile, retaliation under the First and Fourteenth Amendments.

Prior to the submission of the interrogatories to the jury, the court ruled, as a matter of law, that (1) the individual Defendants were each acting in their representative capacities at all times material to the lawsuits (and therefore the court did not include language regarding liability of the individual Defendants in the interrogatories to the jury); and (2) that with respect to allegations of racial discrimination, no evidence of disparate impact had been presented by the Plaintiffs. Both of these rulings were made without objection. The individual Defendants were accordingly dismissed from the portion of the case to be decided by the jury.

The action by both Bazile and Weber brought pursuant to Title VII was not sub-

mitted to the jury and, without objection, was tried simultaneously to the court. In accordance with Rule 52(a), Fed.R.Civ.P., the court makes the following Findings of Fact and Conclusions of Law.

## II. FINDINGS OF FACT

1. In July, 1987 Katie Weber and Marian Bazile were teachers in the Port Arthur Independent School District.

2. Katie Weber and Marian Bazile are black females.

3. Katie Weber, Marian Bazile and all Defendants herein reside within the Eastern District of Texas and the claims at issue herein arose within the Eastern District of Texas.

4. Defendants Joe Pitts, Russell Coco, Charles McBee, Bobby Durham and Louis Reed were employees of the Port Arthur Independent School District in July, 1987.

5. Katie Weber and Marian Bazile each applied to the Port Arthur Independent School District for the position of Supervisor of Elementary Education in July, 1987.

6. Katie Weber and Marian Bazile each met the minimum qualifications for the position of Supervisor of Elementary Education.

7. Kay Harrington, a white female under the age of forty (40), was eventually hired for the position of Supervisor of Elementary Education for which Katie Weber and Marian Bazile had applied.

8. All final decisions with regard to hirings and promotions are made solely by the Board of Trustees of the Port Arthur Independent School District.

9. Neither Katie Weber nor Marian Bazile adduced at trial any direct or circumstantial evidence that the Defendants practiced age or race discrimination.

10. Both Katie Weber and Marian Bazile felt they were each the superior applicant for the position of Supervisor of Elementary Education available in July, 1987.

11. Neither Katie Weber nor Marian Bazile sat on the committee that reviewed applications for the position of Supervisor of Elementary Education in July, 1987, nor

were they privy to the qualifications of the other applicants for said position.

### III. CONCLUSIONS OF LAW

1. This court has jurisdiction over the parties and the subject matter. *See* 28 U.S.C.A. § 1331. Venue is proper in this district and division. *See* 28 U.S.C.A. § 1391(b).

2. The individually-named Defendants acted wholly within the course and scope of their duties as employees of the Port Arthur Independent School District and are therefore not subject to individual liability.

3. This is a "disparate treatment" case wherein the Plaintiffs must prove the Defendants possessed a subjective intent to discriminate against them on account of their race. *See Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 645–46, 109 S.Ct. 2115, 2118–19, 104 L.Ed.2d 733, 744 (1989).

4. Both Katie Weber and Marian Bazile met their initial burdens under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e, *et seq.*, by showing (i) that they each belong to a racial minority; (ii) that they each applied and were qualified for the position of Supervisor of Elementary Education advertised in July, 1987; (iii) that, despite their qualifications, each were rejected; and (iv) that, after their rejection, the position remained open and the employer continued to seek applicants from persons of the complainants' qualifications. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).

5. The Defendants rebutted the Plaintiffs' *prima facie* case by articulating lawful reasons for the decision not to promote either of the Plaintiffs to the position of Supervisor of Elementary Education in July, 1987. *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 257, 101 S.Ct. 1089, 1095–96, 67 L.Ed.2d 207 (1981). The lawful reason articulated was that Kay Herrington, the woman eventually hired for the position of Supervisor of Elementary Education, was the superior applicant based upon her education and prior work experience. The Defendants'

explanation of its legitimate reasons was clear and reasonably specific. *See Burdine*, 450 U.S. at 258, 101 S.Ct. at 1096.

6. A defendant, in rebutting a plaintiff's *prima facie* case, bears only a burden of articulating a legitimate non-discriminatory reason for not hiring or promoting the plaintiff, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Burdine*, 450 U.S. at 253, 101 S.Ct. at 1093.

7. After the plaintiff has proved her *prima facie* case and the defendant has articulated a legitimate non-discriminatory reason for the hiring or promotion decision, the plaintiff has the burden of proving, by a preponderance of the evidence, "that the proffered reason was not the true reason for the employment decision." *Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095. The Plaintiffs each failed to meet this final burden of proving that the Defendants' actions were pretextual.

### IV. CONCLUSION

Katie Weber and Marian Bazile have each failed to meet their burdens of proof in order to prevail under their Title VII claims. This court's final judgment consistent with these Findings of Fact and Conclusions of Law is separately set forth pursuant to Fed.R.Civ.P. 58.